SCHULER, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 7—June 20, 1927.*

*Intoxicating liquors: Evidence of one purchasing liquor: Acts and statements of purchaser.*

1. In a prosecution for the possession and sale of intoxicating liquor, evidence by prohibition enforcement officers as to seeing a witness, who claimed to have purchased liquor from defendant, take a bottle from a hiding place, and relative to such witness attempting to escape at such time, is admissible. p. 480.
2. The admission of testimony as to a statement by such witness, at the time of his capture by the officers, though erroneous, is not prejudicial, where the witness on the trial detailed the entire transaction and gave direct testimony with respect thereto. p. 480.
3. Possession of liquor by one purchasing it from defendant did not make him an incompetent witness as to the sale and possession thereof by defendant, though such purchase constituted him a violator of the prohibition law. p. 481.

4. In this case the evidence relative to a sale is *held* to present a jury question, and a finding adverse to a defense of *alibi* which was strongly supported is sustained.  p. 481.

ERROR to review a judgment of the circuit court for Grant county: S. E. SMALLEY, Circuit Judge.  *Affirmed.*

The cause was submitted for the plaintiff in error on the brief of *Fabian Beckett* of Dubuque, Iowa, and *Walker & Christenson* of Lancaster, and for the defendant in error on that of *R. M. Orchard,* district attorney of Grant county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

DOERFLER, J.  The plaintiff in error, in this opinion, will be referred to as the defendant.

In the information the defendant is charged (1) with the illegal possession of privately distilled intoxicating liquor; (2) with the illegal sale of such liquor; and (3) with having been convicted on two former occasions of similar offenses. The evidence discloses that one Stimpson, a young lad of seventeen years of age, appeared at the home of the defendant and purchased a pint bottle of moonshine.  The bottle of liquor so purchased was then taken to the railroad tracks in close proximity to the depot at Fennimore, and there hidden in a secluded spot.  Officers having in charge the enforcement of the liquor law, about an hour or two thereafter, observed Stimpson when he proceeded to the place where the liquor was hidden, and Stimpson, having taken the bottle from its hiding, proceeded on his way when he observed the presence of the officers, whereupon he dropped the bottle and attempted to escape.  The officers pursued Stimpson, overtook him, and were then informed of the purchase of the liquor from the defendant.

Proceedings as above indicated were thereupon instituted, and Stimpson was a witness upon the trial and testified to the purchase by him of said liquor (which was moonshine)

from the defendant. Upon the trial of the action the defendant was found guilty by the jury and thereafter sentenced by the court, and the writ of error was applied for to review the trial in the lower court.

No synopsis of the brief is contained in counsel's brief for the defendant, nor is there a reference to the authorities relied on or of the principles of law involved, all of which is necessary under the rules of this court. The brief also is devoid of a definite statement of the errors assigned. The only excuse for these omissions consists of the fact that the defendant's counsel is young and evidently inexperienced and that he hails from a foreign jurisdiction. We will therefore overlook these omissions and attempt to decipher the points relied upon by counsel in his brief.

The first claim of defendant's counsel is that evidence of the officers was improperly admitted by the court upon the trial over the objections of defendant's counsel, and the specific error claimed consists of what Stimpson did at the time when he took possession of the liquor from the place where it was hidden, his conduct thereafter, when he was discovered by the officers and when he tried to make his escape, and his statement to the officers to the effect that he had purchased this liquor that evening from the defendant at his home. It needs no citation of authority to conclude that what the officers saw that night and what Stimpson did at that time does not constitute hearsay testimony. What Stimpson said to the officers when he was captured, being in the absence of the defendant, while error, cannot be deemed prejudicial in this case, for the simple reason that Stimpson upon the trial detailed the entire transaction and gave direct testimony with respect to what occurred on the night in question at the defendant's home when he purchased the liquor.

The second error evidently is based upon the theory of defendant's counsel that Stimpson and the defendant were conspirators and that Stimpson was a confederate, and that

he therefore was an incompetent witness under the facts and circumstances of the case. The record in this case discloses nothing in the nature of a conspiracy. While the possession of the liquor on the part of Stimpson after the purchase constituted him a violator of the prohibition law, this fact did not make him an incompetent witness as to the sale by the defendant and his possession.

The defendant relied on the trial upon the defense of an *alibi*. He denied that Stimpson appeared at his home on the night in question and that he sold any liquor to him. Relatives of the defendant, and neighbors, strongly supported this defense. The defense of an *alibi* is well recognized in the law, and the proof thereof, when established, goes directly to the innocence of the party charged with crime. It is a defense frequently interposed with success. Whether this liquor was sold at the time in question by the defendant to Stimpson, under the facts detailed in the latter's evidence, clearly presents a jury question, and the jury having passed thereon adversely to the defendant, and the court having pronounced sentence, the verdict and judgment of the court cannot be disturbed. The testimony of Stimpson was direct, clear, and persuasive. The jury and the court had an advantage over this court, in that they came in close contact with the witnesses, were able, by reason thereof, to better judge of their credibility, from their appearance upon the stand and the manner of the giving of their testimony. Under these circumstances we entertain no doubt that the verdict and judgment and sentence must be affirmed.

It was further clearly established by the evidence that the liquor sold was privately distilled intoxicating liquor, known as moonshine, and that such liquor came under the condemnation of the prohibition statutes of the state. The judgment of the lower court is therefore affirmed.

*By the Court.*—Judgment affirmed.